Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-3569-16-A

| David Landa VS. Scottsdale Ins. Co. | § § § § § | Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |
|---|---|---|---|
| | | Date Filed: | **08/02/2016** |
| | | Location: | **92nd District Court** |

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | Scottsdale Ins. Co. | | **GEORGE H. ARNOLD** *Retained* 713-780-2299(W) |
| **Plaintiff** | Landa, David | | **Christopher D. Bertini** *Retained* 409-621-1876(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 08/02/2016 | **Original Petition (OCA)** | | |
|---|---|---|---|
| 08/05/2016 | **Citation By Certified Mail** | | |
| | Scottsdale Ins. Co. | Served | 08/10/2016 |
| | | Returned | 08/15/2016 |
| 08/05/2016 | **Service Issued** | | |
| | *1 CIT. BY CM* | | |
| 09/01/2016 | **Answer** | | |
| | *AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** Scottsdale Ins. Co. | | | |
| Total Financial Assessment | | | 2.00 |
| Total Payments and Credits | | | 2.00 |
| **Balance Due as of 09/09/2016** | | | **0.00** |
| 09/01/2016 | Transaction Assessment | | 2.00 |
| 09/01/2016 | EFile Payments from TexFile | Receipt # DC-2016-067693 | Scottsdale Ins. Co. | (2.00) |

| | | | |
|---|---|---|---|
| **Plaintiff** Landa, David | | | |
| Total Financial Assessment | | | 437.00 |
| Total Payments and Credits | | | 437.00 |
| **Balance Due as of 09/09/2016** | | | **0.00** |
| 08/02/2016 | Transaction Assessment | | 437.00 |
| 08/02/2016 | EFile Payments from TexFile | Receipt # DC-2016-059167 | Landa, David | (437.00) |



## C-3569-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**SCOTTSDALE INS. CO.**
**BY SERVING REGISTERED AGENT: TOM CLARK**
**1 WEST NATIONWIDE BLVD DSPF 78**
**COLUMBUS, OH 43215-2220**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 92nd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 2nd day of August, 2016 and a copy of same accompanies this citation. The file number and style of said suit being, **C-3569-16-A, DAVID LANDA VS. SCOTTSDALE INS. CO.**

Said Petition was filed in said court by Attorney CHRISTOPHER D. BERTINI, 2415 MARKET STREET, GALVESTON, TEXAS 77550.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 5th day of August, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**MONICA VALDEZ DEPUTY CLERK**

**CERTIFIED MAIL**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 5th day of August, 2016 I, Monica Valdez, Deputy Clerk of the 92nd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-3569-16-A, David Landa VS. Scottsdale Ins. Co. a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 5th day of August, 2016.

## LAURA HINOJOSA, DISTRICT CLERK
## HIDALGO COUNTY, TEXAS

_____
## MONICA VALDEZ, DEPUTY CLERK

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-3569-16-A**

| | | |
|---|---|---|
| DAVID LANDA | )( | IN THE DISTRICT COURT OF |
| | )( | |
| vs. | )( | HIDALGO COUNTY, TEXAS |
| | )( | |
| SCOTTSDALE INS. CO. | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, DAVID LANDA (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendant, SCOTTSDALE INS. CO. (hereinafter sometimes referred to as "Defendant"), and for cause of action would show the following:

### A. DISCOVERY CONTROL PLAN

1.1    Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190.2 of the Texas Rules of Civil Procedure and Plaintiff wishes to proceed with an Expedited Action.

1.2    Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

1.3    If this matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost.  If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### B. PARTIES

2.1    DAVID LANDA Plaintiff, is a resident of, HIDALGO County, Texas.

1

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

2.2     SCOTTSDALE INS. CO. is a foreign insurance company licensed to do business

in the State of Texas, with its principal place of business in Richardson, Texas.  Service may

done by serving its registered agent for service of process: Tom Clark 1 West Nationwide Blvd

DSPF 78 Columbus, OH 43215-2220 by Certified Mail RRR

## C.  JURISDICTION

3.1     This court has jurisdiction over the cause of action because the amount in

controversy is within the jurisdictional limits of the court.

3.2     The court has jurisdiction over the Defendant, SCOTTSDALE INS. CO. because

Defendant is licensed to do insurance business in the State of Texas; engages in the business of

insurance in Texas; and the cause of action arises out of its business activities in Texas.

## D.  VENUE

4.1     Venue is proper in HIDALGO County, Texas because:

a.      The property which was insured by Defendant, and which sustained
damages as a result of the covered cause of loss made the basis of this suit,
is located in HIDALGO County, Texas;

b.      The damage to Plaintiff for which claim was made to Defendant for
insurance proceeds was incurred in HIDALGO County, Texas as a result
of a covered cause of loss, which occurred in HIDALGO County, Texas;

c.      Plaintiff makes claims of unfair claims handling practices and the claim
made the basis of the suit was adjusted by Defendant or its in-house or
outside adjusters, who conducted claims-handling activities in HIDALGO
County, Texas;

d.      This case involves a breach of contract and deceptive trade practices
where the breach and deceptive acts occurred in HIDALGO County,
Texas;

## E.  FACTS

5.1     Plaintiff is the owner of a Texas residential insurance policy issued by Defendant

with Policy No. DFS1143416 (hereinafter sometimes referred to as "Policy") Plaintiff owns the

2

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3569-16-A

insured property located at 1026 Austin, Alamo., HIDALGO County, Texas County, Texas (hereinafter sometimes referred to as "Residence").

5.2     Defendant sold the Policy insuring the Residence for damages resulting from the covered cause of loss made the basis of this suit, including, without limitation, physical damage to the Residence, damage to personal property, damage to other structures, additional living expenses, code upgrades, temporary repairs, and debris removal, all of which are more particularly described in the Policy. Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on August 13, 2014, (hereinafter sometimes referred to as "Covered Event").

5.3     As a result of the Covered Event, which occurred on August 13, 2014 Plaintiff suffered losses covered under the Policy. The Residence sustained severe damages, which required temporary and permanent repairs. Plaintiff continues to suffer damages which are covered under the Policy.

5.4     Thereafter, Defendant, through its adjusters, submitted a letter to PLAINTIFFS that after their investigation they found that the policy does not cover the entire claim. Defendant went on to detail its investigation including citing the findings investigation, policy provisions and "coverage analysis". As a result of its pretextual analysis, Defendant concluded there was no covered damage.

5.5     Defendant     wrongfully denied PLAINTIFFS' claim for property repairs. Furthermore, Defendant eventually underpaid some of PLAINTIFFS' claims by not providing full coverage under the Policy as well as underestimating damages during their investigation. Defendants have chosen to continue to deny timely payment of the damages to the buildings. As a

3

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

result, PLAINTIFFS has been unable to have the repairs conducted to the property since The Storm's destruction. As a result, PLAINTIFFS was required to retain an attorney to prosecute its claim for insurance benefits.

5.6     Unfortunately, Defendants have delayed payment for PLAINTIFFS' necessary and covered repairs under the insurance policy. Given the repeated delays of payment, PLAINTIFFS has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, PLAINTIFFS has suffered financial harm and damage as a result of Defendants' denials and repeated delays.

5.7     The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

## F.  CAUSES OF ACTION
### COUNT I
### BREACH OF CONTRACT BY DEFENDANT

6.1     Paragraphs 1.1 through 5.7 are incorporated by reference.

6.2     The conduct of Defendant, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

6.3     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees.

4

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

## COUNT II
## VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT

7.1     Paragraphs 1.1 through 6.3 are incorporated by reference.

7.2     The conduct of Defendant, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

7.3     Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.4     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.5     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

5

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

7.6     Defendant's unfair settlement practice constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation 541.051, 541.060 and 541.061.

7.7     Defendant's unfair settlement practice, described above, refusing to pay Plaintff's claims while failing to conduct a reasonable investigation, constitutes an unfair method of competition, and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

## COUNT III
## THE FAILURE OF DEFENDANT TO COMPLY WITH TEXAS INSURANCE CODE CHAPTER 542: THE PROMPT PAYMENT OF CLAIMS ACT

8.1     Paragraphs 1.1 through 7.7 are incorporated by reference.

8.2     Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

8.3     Defendant's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Section 542.055-542.060.

8.4     Defendant's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS BY DEFENDANT

6

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3569-16-A

9.1     Paragraphs 1.1 through 8.4 are incorporated by reference.

9.2     Defendant, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

9.3     Defendant refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

9.4     No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim. The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts. As described above, Defendant failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while Defendant knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

9.5     The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial. Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

## G. KNOWLEDGE AND INTENT

10.1    Paragraphs 1.1 through 9.5 are incorporated by reference.

10.2    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

## H. VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

7

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

11.1    Paragraphs 1.1 through 10.2 are incorporated by reference.

11.2    Plaintiff purchased the Policy in question from the Defendant and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act. Plaintiff has been damaged by Defendant's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

11.3    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

11.4    Defendant has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

> a.    Defendant misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;
>
> b.    Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;
>
> c.    Defendant refused to pay the claim without a reasonable investigation on its part with respect to the claim.

11.5    As a result of Defendant's violations of DTPA, Plaintiff suffered actual damages. Because Defendant committed the acts knowingly and intentionally, with conscious indifference to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I. REQUEST FOR DISCLOSURE TRCP193.7 NOTICE

**12.1    Paragraphs 1.1 through 11.5 are incorporated by reference.**

8

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-3569-16-A

**12.2   Pursuant to TRCP Rule 194, PLAINTIFF requests that defendants disclose the materials described in TRCP Rule 194.2. Notice Pursuant To TRCP 193.7**

**12.3   Defendants are hereby notified that Plaintiffs gives actual notice that all documents produced by Defendants in discovery, will be considered authenticated for use against Defendant in any pretrial proceeding and at trial**

## J. DAMAGES AND PRAYER

13.1   Paragraphs 1.1 through 12.2 are incorporated by reference.

13.2.   The conduct of Defendant, as described herein, was a producing cause of Plaintiff's economic damages. As a result, Plaintiff suffered economic damage and expenses for which Defendant is liable.

13.3   As a direct result of Defendant's knowing misconduct, Plaintiff suffered additional damages. Accordingly, Defendant is liable to Plaintiff for economic damages and additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

13.4   WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendant be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

**THE BERTINI LAW FIRM, P.C.**

9

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

s//*Christopher D. Bertini*
Christopher D. Bertini
Texas Bar No. 02256060
The 1894 Trube Estate Building
2415 Market Street
Galveston, Texas 77550
Tel. (409)621-1876
Fax. (800)628-1498
cbertini@bertinilaw.com
www.bertinilaw.com

## ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

*PLAINTIFF hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

s//*Christopher D. Bertini*
Christopher D. Bertini

10



CERTIFIED MAIL

ZIP 78539   $ 006.01
02 1W
0001402764 AUG 05 2016



LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERKS
PO BOX 87
EDINBURG, TX 78540-0087

9214 8901 0661 5400 0090 3926 30

RETURN RECEIPT (ELECTRONIC)

C-3569-16-A

SCOTTSDALE INS. CO
BY SERVING REGISTERED AGENT: TOM CLARK
1 WEST NATIONWIDE BLVD. DSPF 78
COLUMBUS, OH  43215-2220

RETURN SERVICE
REQUESTED

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-3569-16-A**

| | | |
|---|---|---|
| DAVID LANDA | )( | IN THE DISTRICT COURT OF |
| | )( | |
| vs. | )( | HIDALGO COUNTY, TEXAS |
| | )( | |
| SCOTTSDALE INS. CO. | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, DAVID LANDA (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendant, SCOTTSDALE INS. CO. (hereinafter sometimes referred to as "Defendant"), and for cause of action would show the following:

### A. **DISCOVERY CONTROL PLAN**

1.1     Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190.2 of the Texas Rules of Civil Procedure and Plaintiff wishes to proceed with an Expedited Action.

1.2     Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

1.3     If this matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost.  If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### B. **PARTIES**

2.1     DAVID LANDA Plaintiff, is a resident of, HIDALGO County, Texas.

1

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

2.2    SCOTTSDALE INS. CO. is a foreign insurance company licensed to do business in the State of Texas, with its principal place of business in Richardson, Texas.  Service may done by serving its registered agent for service of process: Tom Clark 1 West Nationwide Blvd DSPF 78 Columbus, OH 43215-2220 by Certified Mail RRR

## C. <u>JURISDICTION</u>

3.1    This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

3.2    The court has jurisdiction over the Defendant, SCOTTSDALE INS. CO. because Defendant is licensed to do insurance business in the State of Texas; engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

## D. <u>VENUE</u>

4.1    Venue is proper in HIDALGO County, Texas because:

    a.    The property which was insured by Defendant, and which sustained damages as a result of the covered cause of loss made the basis of this suit, is located in HIDALGO County, Texas;

    b.    The damage to Plaintiff for which claim was made to Defendant for insurance proceeds was incurred in HIDALGO County, Texas as a result of a covered cause of loss, which occurred in HIDALGO County, Texas;

    c.    Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted by Defendant or its in-house or outside adjusters, who conducted claims-handling activities in HIDALGO County, Texas;

    d.    This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in HIDALGO County, Texas;

## E. <u>FACTS</u>

5.1    Plaintiff is the owner of a Texas residential insurance policy issued by Defendant with Policy No. DFS1143416 (hereinafter sometimes referred to as "Policy") Plaintiff owns the

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

insured property located at 1026 Austin, Alamo., HIDALGO County, Texas County, Texas (hereinafter sometimes referred to as "Residence").

5.2     Defendant sold the Policy insuring the Residence for damages resulting from the covered cause of loss made the basis of this suit, including, without limitation, physical damage to the Residence, damage to personal property, damage to other structures, additional living expenses, code upgrades, temporary repairs, and debris removal, all of which are more particularly described in the Policy.  Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on August 13, 2014, (hereinafter sometimes referred to as "Covered Event").

5.3     As a result of the Covered Event, which occurred on August 13, 2014 Plaintiff suffered losses covered under the Policy.  The Residence sustained severe damages, which required temporary and permanent repairs.  Plaintiff continues to suffer damages which are covered under the Policy.

5.4     Thereafter, Defendant, through its adjusters, submitted a letter to PLAINTIFFS that after their investigation they found that the policy does not cover the entire claim.   Defendant went on to detail its investigation including citing the findings investigation, policy provisions and "coverage analysis". As a result of its pretextual analysis, Defendant concluded there was no covered damage.

5.5     Defendant     wrongfully denied PLAINTIFFS' claim for property repairs. Furthermore, Defendant eventually underpaid some of PLAINTIFFS' claims by not providing full coverage under the Policy as well as underestimating damages during their investigation. Defendants have chosen to continue to deny timely payment of the damages to the buildings.  As a

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3569-16-A

result, PLAINTIFFS has been unable to have the repairs conducted to the property since The Storm's destruction.  As a result, PLAINTIFFS was required to retain an attorney to prosecute its claim for insurance benefits.

5.6     Unfortunately, Defendants have delayed payment for PLAINTIFFS' necessary and covered repairs under the insurance policy.  Given the repeated delays of payment, PLAINTIFFS has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.  In addition, PLAINTIFFS has suffered financial harm and damage as a result of Defendants' denials and repeated delays.

5.7     The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

## F.  CAUSES OF ACTION
### COUNT I
### BREACH OF CONTRACT BY DEFENDANT

6.1     Paragraphs 1.1 through 5.7 are incorporated by reference.

6.2     The conduct of Defendant, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

6.3     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Defendant's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees.

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

## COUNT II
## VIOLATIONS OF THE TEXAS INSURANCE CODE BY DEFENDANT

7.1     Paragraphs 1.1 through 6.3 are incorporated by reference.

7.2     The conduct of Defendant, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*.  TEX. INS. CODE Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

7.3     Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.4     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7.5     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

7.6     Defendant's unfair settlement practice constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation 541.051, 541.060 and 541.061.

7.7     Defendant's unfair settlement practice, described above, refusing to pay Plaintff's claims while failing to conduct a reasonable investigation, constitutes an unfair method of competition, and unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

### COUNT III
### THE FAILURE OF DEFENDANT TO COMPLY WITH
### TEXAS INSURANCE CODE CHAPTER 542:  THE
### PROMPT PAYMENT OF CLAIMS ACT

8.1     Paragraphs 1.1 through 7.7 are incorporated by reference.

8.2     Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

8.3     Defendant's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims.  TEX. INS. CODE Section 542.055-542.060.

8.4     Defendant's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims.  TEX. INS. CODE Sections 542.055-542.060.

### COUNT IV
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS
### BY DEFENDANT

Electronically Filed
8/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3569-16-A

9.1     Paragraphs 1.1 through 8.4 are incorporated by reference.

9.2     Defendant, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

9.3     Defendant refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

9.4     No reasonable insurer would have failed to fully pay this claim with the information available to Defendant at the time that it decided not to pay the full value of this claim.  The conduct of Defendant constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts.  As described above, Defendant failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while Defendant knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

9.5     The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial.  Defendant is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

## G.  KNOWLEDGE AND INTENT

10.1    Paragraphs 1.1 through 9.5 are incorporated by reference.

10.2    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

## H.  VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

11.1     Paragraphs 1.1 through 10.2 are incorporated by reference.

11.2     Plaintiff purchased the Policy in question from the Defendant and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act.  Plaintiff has been damaged by Defendant's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

11.3     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

11.4     Defendant has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

      a.      Defendant misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

      b.      Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;

      c.      Defendant refused to pay the claim without a reasonable investigation on its part with respect to the claim.

11.5     As a result of Defendant's violations of DTPA, Plaintiff suffered actual damages. Because Defendant committed the acts knowingly and intentionally, with conscious indifference to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I.  REQUEST FOR DISCLOSURE TRCP193.7 NOTICE

**12.1     Paragraphs 1.1 through 11.5 are incorporated by reference.**

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3569-16-A

**12.2    Pursuant to TRCP Rule 194, PLAINTIFF requests that defendants disclose the materials described in TRCP Rule 194.2. Notice Pursuant To TRCP 193.7**

**12.3    Defendants are hereby notified that Plaintiffs gives actual notice that all documents produced by Defendants in discovery, will be considered authenticated for use against Defendant in any pretrial proceeding and at trial**

## J. DAMAGES AND PRAYER

13.1    Paragraphs 1.1 through 12.2 are incorporated by reference.

13.2.    The conduct of Defendant, as described herein, was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff suffered economic damage and expenses for which Defendant is liable.

13.3    As a direct result of Defendant's knowing misconduct, Plaintiff suffered additional damages.  Accordingly, Defendant is liable to Plaintiff for economic damages and additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

13.4    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendant be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendant damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

**THE BERTINI LAW FIRM, P.C.**

Electronically Filed
9/2/2016 3:47:36 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3569-16-A**

s//*Christopher D. Bertini*
Christopher D. Bertini
Texas Bar No. 02256060
The 1894 Trube Estate Building
2415 Market Street
Galveston, Texas  77550
Tel.  (409)621-1876
Fax. (800)628-1498
cbertini@bertinilaw.com
www.bertinilaw.com

**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

*PLAINTIFF hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

s//*Christopher D. Bertini*
Christopher D. Bertini